UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SONYA E. LAICH,
    Plaintiff,

    v.                                      CIVIL ACTION NO. 15-11736-GAO

DANIEL M. TANGHERLINI, ADMINISTRATOR,
    Defendant.

ORDER ON APPLICATION TO PROCEED IN FORMA PAUPERIS

O'TOOLE, D.J.

On April 28, 2015, plaintiff Sonya Laich ("Laich"), a resident of Waban, Massachusetts, filed a complaint against her former employer. See Complaint ("Compl."), Docket No. 1. With her complaint, she filed an Application to Proceed in District Court Without Prepaying Fees or Costs and a Motion to Appoint Counsel. See Docket Nos. 2-3.

A litigant filing a complaint in this court must either (1) pay the $350.00 filing fee and the $50.00 administrative fee, see 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915 (proceedings in forma pauperis). In considering an application to waive the filing fee, "a court may consider the resources that the applicant has or "can get" from those who ordinarily provide the applicant with the "necessities of life," such as "from a spouse, parent, adult sibling or other next friend."" Fridman v. City of New York, 195 F.Supp.2d 534, 536 (S.D.N.Y.), aff'd, 52 Fed.Appx. 157 (2d Cir.2002) (quoting Williams v. Spencer, 455 F. Supp. 205, 208-09 (D. Md. 1978) (other citations omitted); see also Zhu v. Countrywide Realty Co., 148 F. Supp. 2d 1154, 1156 (D. Kan. 2001) ("In a number of cases, courts have found that the income and assets of close family members are relevant to a determination of indigency...."); Monti v. McKeon, 600 F. Supp. 112, 114 (D. Conn. 1984) ("in ruling on motions to proceed in forma pauperis, other courts have considered the income of interested persons, such as spouses and parents, in evaluating the funds available to the movant"); Dycus v. Astrue, 2009 WL 47497, *2 (S.D. Ala. Jan. 7, 2009) ("The question ... is whether the litigant is 'unable to pay' the costs, and the answer has consistently depended in part on [the] litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other

next friend.") (citations omitted).

In <u>Adkins v. E.I. DuPont de Nemours, Inc.</u>, 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed. 43 (1948), the United States Supreme Court held that one need not be absolutely destitute to enjoy the benefit of proceeding <u>in</u> <u>forma</u> <u>pauperis</u>. An affidavit to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is sufficient if it states that one cannot, because of his or her poverty, afford to pay for costs of litigation and still provide himself and his family the necessities of life. <u>Id.</u> at 339.

Although the Court recognizes that Laich has limited income and attests to same, her application will be denied without prejudice. Laich's husband's income and assets may be considered in assessing her ability to pay. The instant application fails to mention his earnings and assets, if any. On the instant record, the Court cannot determine whether Laich is indigent within the meaning of the <u>in</u> <u>forma</u> <u>pauperis</u> statute.

Since this Court may consider the assets of a supporting relative or friend in determining whether a litigant is entitled to in forma pauperis status, Laich will be provided with an opportunity to file another application. She shall include on that form information concerning the income and assets of her husband, or others in her household.

Accordingly, the motion (#3) for leave to proceed in forma pauperis and the motion (#2) to appoint counsel are denied without prejudice. If plaintiff wishes to proceed with this action, she shall, within 35 days of the date of this Order, file either payment of the $400 filing and administrative fees or file an Application to Proceed in District Court Without Prepaying Fees or Costs. Any Application shall include a detailed statement explaining how she supports herself and the financial disclosures of the person who would ordinarily provide her with the necessities of life. Failure to do so will result in dismissal of this action without prejudice.

SO ORDERED.

 May 18, 2015  /s/ George A. O'Toole, Jr.
DATE GEORGE A. O'TOOLE, JR.
UNITED STATES DISTRICT JUDGE